1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19

LINWOOD SUTTON,

    Plaintiff,

    v.

CAROLYN COLVIN, acting Commissioner of Social Security,

    Defendant.

Case No. 14-cv-2008 BAS (JMA)

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS* **(ECF 2)**

20  On August 26, 2014, Plaintiff Linwood Sutton filed a Complaint against
21 Carolyn Colvin and moved to proceed *in forma pauperis* ("IFP"). ECFs 1, 2. For the
22 reasons outlined below, the Court **DENIES** Plaintiff's IFP motion, without
23 prejudice to revisit the issue if new facts arise. Plaintiff may pay the fee in
24 installments of $50 per month and must pay the first installment within 30 days of
25 the date of this Order.

26                                **DISCUSSION**
27  The determination of indigency falls within the district court's discretion.
28 *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other*

1  *grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the
2  reviewing court to exercise its sound discretion in determining whether the affiant
3  has satisfied the statute's requirement of indigency").  It is well-settled that a party
4  need not be completely destitute to proceed *in forma pauperis.  Adkins v. E.I.*
5  *DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).  To satisfy the
6  requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which
7  states that one cannot because of his poverty pay or give security for costs . . . and
8  still be able to provide himself and dependents with the necessities of life." *Id.* at
9  339.  At the same time, however, "the same even-handed care must be employed to
10 assure that federal funds are not squandered to underwrite, at public expense, . . . the
11 remonstrances of a suitor who is financially able, in whole or in material part, to pull
12 his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).
13         District courts, therefore, tend to reject IFP applications where the applicant
14 can pay the filing fee with acceptable sacrifice to other expenses. *See e.g.*,
15 *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on*
16 *other grounds, Olivares  v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a
17 district court did not abuse its discretion in requiring a partial fee payment from a
18 prisoner who had a $14.61 monthly salary and who received $110  per month from
19 family).  Moreover, "*in forma pauperis* status may be acquired and lost during the
20 course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791,
21 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at
22 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995)
23 (holding that a plaintiff who was initially permitted to proceed *in forma pauperis*
24 should be required to pay his $120 filing fee out of a $900 settlement).  In addition,
25 the facts as to the affiant's poverty must be stated "with some particularity,
26 definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.
27 1981).
28         Here, Plaintiff claims support from spousal income of $1,158.46 and potential

1  total expenses of $1,041.  Therefore the Court concludes that Plaintiff can afford to
2  pay the filing fee in installments. Accordingly, the Court **DENIES** the request to
3  proceed IFP. The Court orders Plaintiff to pay the $400 filing fee in installments of
4  $50 per month, absent a further application for IFP properly completed
5  demonstrating Plaintiff's inability to pay $50 per month. The Court orders Plaintiff
6  to pay the first $50 installment within 30 days of the date of this Order.

7

8       **IT IS SO ORDERED.**

9

10 **DATED:  September 19, 2014**

11                                                    Hon. Cynthia Bashant
                                                      United States District Judge